IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GABRIEL DIXON,

                Plaintiff,

v.

HERTZ RENTAL CAR,

                Defendant.

OPINION and ORDER

23-cv-51-jdp

---

Pro se plaintiff Gabriel Dixon, an inmate at FCI Oxford, alleges that the Hertz Rental Car company "wrongfully pressed criminal charges against [him]," which led to him being convicted in Ohio state court in 2016. Dkt. 1. Dixon has paid the full filing fee. Dkt. 3. Screening is not required under 28 U.S.C. § 1915A, but the court has the inherent authority "to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). I conclude that it is appropriate to screen Dixon's complaint because the deficiencies in his complaint are obvious.

Dixon alleges only that Hertz wrongfully pressed charges against him; that he was convicted and sentenced to 12 months in prison; and that "Hertz admitted to being liable in [a] class action discrimination case." Dkt. 1, at 4. There are two main problems with Dixon's complaint. First, the complaint does not establish that the court has jurisdiction over this case. Generally, this court may hear only cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Dixon does not identify a basis for jurisdiction in his complaint. Dixon submitted his complaint on a form that is designed for complaints alleging

federal-law violations of civil rights. But it is unclear from the complaint whether Dixon means to allege that Hertz violated his rights under federal law.

Second, the complaint does not contain enough detail to state a claim for relief. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." But the complaint must contain enough facts to plausibly suggest that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Dixon's sparse allegations do not meet this standard. Dixon provides no facts to suggest that Hertz "wrongfully" pressed charges against him or that Hertz discriminated against him.

Because of those deficiencies, I will dismiss Dixon's complaint without prejudice. Dixon may file an amended complaint that includes the allegations that are missing. If he chooses to file an amended complaint, he should state clearly what happened, when it happened, and what defendant did to violate his rights. He should keep his complaint short and to the point, and he should set forth his allegations in separate, numbered paragraphs. If Dixon files an amended complaint that provides a clear basis for federal jurisdiction and explains why Hertz should be liable for the harm he has suffered, I will screen his amended complaint.

However, I warn Dixon about two potential issues with his claim. First, it is unclear from Dixon's complaint whether Hertz is a proper defendant for this suit. Normally, suits alleging violations of civil rights are brought under 42 U.S.C. § 1983, which allows plaintiffs to sue for violations "committed by a person acting under color of state law." But Hertz is a company, not a person. And Hertz is not a government entity, so it is unclear how Hertz acted "with the authority of state law." *Didonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022).

Second, Dixon's complaint may be barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Under *Heck*, a plaintiff who has been convicted of a crime is barred from bringing a § 1983 claim that is inconsistent with the validity of that conviction until the conviction has been set aside. *Rodriguez v. Cook Cnty., Ill.*, 664 F.3d 627, 630 (7th Cir. 2011). Here, Dixon states that the charges resulted in a conviction, and he does not allege that his conviction has been set aside.

Dixon's complaint is too vague to allow me to determine whether these issues bar his claim. But Dixon should keep these principles in mind when he drafts his amended complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Gabriel Dixon's complaint, Dkt. 1, is DISMISSED without prejudice.

2. Dixon may have until March 15, 2023, to submit an amended complaint that addresses the problems identified in this opinion.

Entered February 22, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge