IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GABRIEL DIXON,

                             Plaintiff,

v.                                                     OPINION and ORDER

HERTZ RENTAL CAR,                              23-cv-51-jdp

                             Defendant.

---

Pro se plaintiff Gabriel Dixon, an inmate at FCI Oxford, alleges that the Hertz Rental Car company pressed false criminal charges against him, which led to him being convicted in Ohio state court in 2016. Although Dixon paid the full filing fee, I screened Dixon's claims as an exercise of the court's inherent authority because there were two obvious problems with Dixon's complaint: (1) the complaint did not establish that the court had jurisdiction over the case; and (2) the complaint did not state claims for relief. Dkt. 4. I gave Dixon the opportunity to file an amended complaint addressing those issues.

Dixon has filed an amended complaint, Dkt. 5, that provides some additional information about his situation. Dixon alleges that Hertz accused him of stealing a rental car that he had paid for and returned. He states that Hertz had a widespread practice of falsely accusing its minority customers of theft and that Hertz "admitted discrimination" as part of a settlement agreement related to the practice. (I note that Hertz agreed to pay $168 million to settle 364 claims related to false accusations of theft against its customers.[1]) Dixon alleges that

---

[1] *See* Bryan Pietsch, *Hertz to pay $168M after falsely accusing customers of stealing rental cars*, The Washington Post (Dec. 6, 2022), available at https://www.washingtonpost.com/business/2022/12/06/hertz-settlement-false-arrests-lawsuit/.

his conviction on false charges "increased [his] guidelines" at sentencing for his federal conviction.

Dixon's amended complaint is somewhat more detailed than his initial complaint, but it has the same fundamental problems. This court may hear only cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. I take Dixon to allege that Hertz violated his federal civil rights by falsely accusing him of theft. But as I explained in my previous screening order, suits alleging violations of federal civil rights are usually brought under 42 U.S.C. § 1983, which allows plaintiffs to sue for violations "committed by a person acting under color of state law." But Hertz is a company, not a person. And, more important, Hertz is not a government entity, so it did not act "with the authority of state law." *Didonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022). A false accusation of wrongdoing by a private entity does not state a constitutional claim. *See Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014). Although some federal civil rights laws apply to private entities, such as laws against race discrimination in employment, Dixon does not state claims against Hertz under any of those statutes.

Dixon's allegations bring to mind the tort of malicious prosecution, which occurs when one citizen initiates criminal proceedings against an innocent person. Although Dixon cannot assert a constitutional malicious prosecution claim against Hertz under § 1983, *cf. Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022), malicious prosecution is also a state-law tort. Dixon does not allege any facts about the parties' citizenship, so he hasn't shown that the court has diversity jurisdiction to hear a state-law claim against Hertz. But even if I assume that diversity jurisdiction is proper, Dixon hasn't stated a malicious prosecution claim. "To subject a person

to liability for malicious prosecution, the criminal proceedings must have terminated in favor of the accused." Restatement (Second) of Torts § 658. A plaintiff can show that criminal proceedings terminated in his favor by showing that the charges against him were dropped or that he was acquitted, among other things. *Id.*, § 659. But Dixon was convicted on the charges stemming from Hertz's accusations, so the proceedings weren't terminated in his favor. Dixon states that he is attempting to vacate his conviction in light of Hertz's settlement, but he states that the conviction "has not been set aside" as of the time he wrote the amended complaint. Dkt. 5, ¶ 4. So Dixon cannot proceed on a malicious prosecution claim against Hertz.

Dixon's amended complaint is defective for similar reasons to his first complaint, and Dixon cannot assert constitutional claims related to Hertz's false claims against Hertz itself. Under those circumstances, I conclude that it would be futile to give Dixon another opportunity to amend his complaint. Because Dixon has not stated any claims for relief that this court can hear, I will dismiss his case. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service[.]")

ORDER

IT IS ORDERED that plaintiff Gabriel Dixon's amended complaint, Dkt. 5, is DISMISSED. The clerk of court is directed to enter judgment for defendant and close the case.

Entered June 9, 2023.

                                                BY THE COURT:

                                                /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge